UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL MEADOWS,

     Plainitiff,

                                       CASE NO.:

vs.

NATIONAL ENTERPRISE SYSTEMS, INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MEADOWS, sues the Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., and allege as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2.    Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

3.    The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.      Plaintiff is a natural person over the age of eighteen, who resides in Jacksonville, Duval County, Florida.

5.      Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number, (904) 713-7262, as further described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

8.      At all times material hereto, Defendant was and is a foreign corporation, with its principal place of business in Solon, Ohio.

## FACTUAL ALLEGATIONS

9.      At all times material hereto, Defendant did transact business in Duval County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from the Plaintiff that arose from a transaction allegedly incurred for personal, family or household purposes and is therefore a "consumer debt."

10.     As described herein, Defendant employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiff.

2

11.     Defendant has engaged in conduct in violation of the TCPA, FDCPA and the FCCPA, and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on numerous occasions within the two (2) year period preceding the filing of this action.

12.     As described herein, Defendant implemented its unlawful collection conduct by initiating calls to Plaintiff's aforementioned cellular telephone number several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect the above described alleged debt.

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number at issue, (904) 713-7262, and was the called party and recipient of Defendant's above described calls.

14.     Within the two (2) year period preceding the filing of this action, Defendant intentionally harassed and abused the Plaintiff and his family, on numerous occasions by its agents and representatives calling Plaintiff's aforementioned cellular telephone number several times during one day, up to five (5) times a day, and on back to back days, with such frequency as can reasonably be expected to harass.

15.     In or about August of 2013, Defendant initiated its campaign of telephone collection calls to the Plaintiff on his aforementioned cellular telephone number.

16.     In or about August of 2013, Plaintiff received a telephone call to his aforementioned cellular telephone number from Defendant seeking to recover a debt from an individual unknown to him.

17.     In or about August of 2013, upon receiving the first call from the Defendant, Plaintiff answered the call, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and informed a male agent/representative of Defendant that

they had the wrong number, and that he did not know the individual for whom they were calling. The agent/representative of Defendant was rude to Plaintiff, accused the Plaintiff of deceit, and did not agree to remove Plaintiff's number from their system.

18.     Shortly thereafter, upon receiving the second call from the Defendant, Plaintiff answered the call, and informed a different, female agent/representative of Defendant that they had the wrong number, and that he did not know the individual for whom they were calling. Again the agent/representative of Defendant was rude to the Plaintiff, and did not agree to remove Plaintiff's number from their system.

19.     On numerous occasions, Plaintiff attempted to answer a call from Defendant to speak with an agent/representative, only to experience the call disconnected upon answering.

20.     From approximately August of 2013 through the date of the filing of this Complaint, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite being informed that they had the wrong number.

21.     On numerous occasions, Plaintiff has answered Defendant's call, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative, informed Defendant that they had the wrong number, that he was not the individual for whom they were calling, that he did not know the individual for whom they were calling, and demanded that Defendant stop calling him.

22.     Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

23.     Despite actual knowledge of it's wrongdoing, the Defendant continued the campaign of abuse.

24.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

25.     By continuing to call the Plaintiff despite being informed he did not know the individual for whom Defendant was calling, Plaintiff was led to believe the Defendant thought he was lying and the only way to stop the harassing calls was to pay the alleged debt.

26.     To date, Defendant has placed approximately three hundred (300) calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the alleged debt at issue, and the calls continue through the date of filing of this Complaint or such time as will be established after a thorough review of Defendants' records. (Please see attached **Exhibit "A"** representing a non-exclusive sampling of said calls from August 19, 2013 to February 3, 2014).

27.     The telephone calls at issue were placed by Defendant using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer").

28.     Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

29.     Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30.     Additionally, none of the telephone calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

31.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32.     Defendant has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

33.    Despite actual knowledge of its wrongdoing, Defendant continued the campaign of abuse.

34.    Defendant's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are calling the wrong number.

35.    Defendant's corporate policy provided no means for the Plaintiff to have his aforementioned cellular telephone number removed from the call list.

36.    Defendant has a corporate policy to harass and abuse individual like the Plaintiff despite actual knowledge that the called parties did not provide prior express consent to receive the calls.

37.    Defendant followed its corporate policies when attempting to communicate with the Plaintiff in connection with the alleged debt at issue.

38.    Defendant has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

39.    Defendant is, or should be, in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff's aforementioned cellular telephone number over the relevant time period.

40.    As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

41.    Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the

enjoyment of life pursuant to section 559.77, Florida Statutes, have continued and are continuing as of the filing of this Complaint.

42.     All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## VIOLATION OF THE TCPA

43.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (42), as if fully set forth herein.

44.     None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

45.     Upon answering the first call placed by the Defendant to Plaintiff's aforementioned cellular telephone number, Plaintiff informed Defendant that it lacked "prior express consent" by instructing the Defendant that it was calling the wrong number, and alternatively, Plaintiff revoked any "prior express consent" Defendant had, or mistakenly believed it had, by instructing the Defendant that it was calling the wrong number.

46.     Furthermore, none of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

47.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff's by repeatedly placing calls to Plaintiff's respective cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiffs' prior express consent, invitation or permission, after being informed by Plaintiff that it was calling the wrong party, or alternatively, by being instructed by Plaintiff to stop calling.

7

48.     The TCPA provides Plaintiff with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE Plaintiff, MICHAEL MEADOWS, respectfully demand judgment against Defendant NANTIONAL ENTERPRISE SYSTEMS, INC. for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
## VIOLATION OF THE FDCPA

49.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (42), as if fully set forth herein.

50.     Plaintiff has been the object of collection activity by Defendant arising from a consumer debt.

51.     Defendant is a "debt collector" as defined by the FDCPA.

52.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

53.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff at his aforementioned cellular telephone numbers.

54.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as Plaintiff or Plaintiff's voice mail answered the call, in such a way as to fail to provide a

meaningful disclosure of its identity.

55.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as Plaintiff or Plaintiff's answering machine or voice mail boxes answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

56.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

57.     Defendant's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorney fees, interest and costs.

WHEREFORE Plaintiff, MICHAEL MEADOWS, respectfully demands judgment against Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA

58.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (42), as if fully set forth herein.

59.     At all times material to this action, Defendant was and is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

9

60.     Defendant engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

61.     Defendant engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

62.     Defendant engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

63.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE Plaintiff, MICHAEL MEADOWS, respectfully demands judgment against Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*s/David P. Mitchell*
David P. Mitchell, Esquire
Florida Bar No.: 067249
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Attorney for Plaintiff
Primary: DMitchell@ForThePeople.com
Secondary: PMitchell@ForThePeople.com
Secondary: VMarrero@ForThePeople.com

## Call Log for
## (904) 713-7262

| Caller | Date & Time |
|---|---|
| 4405196733 | 2013-08-19 14:01:14.0 |
| 4405196733 | 2013-08-19 14:01:36.0 |
| 4405196733 | 2013-08-19 23:41:38.0 |
| 4405196733 | 2013-08-20 15:38:16.0 |
| 4405196733 | 2013-08-20 21:58:21.0 |
| 4405196733 | 2013-08-21 17:51:27.0 |
| 4405196733 | 2013-08-22 12:50:26.0 |
| 4405196733 | 2013-08-23 12:53:33.0 |
| 4405196733 | 2013-08-24 14:15:50.0 |
| 4405196733 | 2013-08-26 18:42:36.0 |
| 4405196733 | 2013-08-27 14:46:04.0 |
| 4405196733 | 2013-08-27 14:46:18.0 |
| 4405196733 | 2013-08-27 18:16:55.0 |
| 4405196733 | 2013-08-28 12:48:48.0 |
| 8889956550 | 2013-08-28 18:32:17.0 |
| 4405196733 | 2013-08-28 18:38:30.0 |
| 4405196733 | 2013-08-29 13:31:51.0 |
| 4405196733 | 2013-08-30 12:38:45.0 |
| 4405196733 | 2013-08-30 12:39:00.0 |
| 9046474990 | 2013-08-30 17:31:50.0 |
| 4405196733 | 2013-09-03 14:40:33.0 |
| 4405196733 | 2013-09-04 12:32:49.0 |
| 4405196733 | 2013-09-04 16:50:26.0 |
| 4405196733 | 2013-09-04 20:42:26.0 |
| 4405196733 | 2013-09-05 12:55:52.0 |
| 4405196733 | 2013-09-05 21:51:34.0 |
| 4405196733 | 2013-09-06 12:30:54.0 |
| 4405196733 | 2013-09-06 20:22:36.0 |
| 9043985847 | 2013-09-08 19:21:31.0 |
| 4405196733 | 2013-09-09 15:40:53.0 |
| 4405196733 | 2013-09-10 00:42:08.0 |
| 4405196733 | 2013-09-10 14:53:01.0 |
| 4405196733 | 2013-09-11 15:39:13.0 |
| 4405196733 | 2013-09-11 20:06:02.0 |
| 4405196733 | 2013-09-12 12:24:39.0 |
| 4405196733 | 2013-09-12 13:36:03.0 |
| 4405196733 | 2013-09-12 19:01:48.0 |
| 4405196733 | 2013-09-12 21:18:43.0 |
| 4405196733 | 2013-09-12 21:19:24.0 |
| 4405196733 | 2013-09-13 12:43:31.0 |
| 4405196733 | 2013-09-16 13:57:15.0 |
| 4405196733 | 2013-09-16 16:51:04.0 |
| 4405196733 | 2013-09-17 13:28:04.0 |
| 4405196733 | 2013-09-17 16:54:56.0 |
| 4405196733 | 2013-09-17 20:39:13.0 |
| 9042228582 | 2013-09-19 19:39:55.0 |
| 9042228582 | 2013-09-20 12:18:43.0 |
| 9042228582 | 2013-09-23 12:54:00.0 |
| 9042228582 | 2013-09-23 23:05:52.0 |
| 9042228582 | 2013-09-24 14:39:01.0 |
| 9042228582 | 2013-09-24 22:28:16.0 |



EXHIBIT

tabbies®

A.

Call Log for
(904) 713-7262

| | |
|---|---|
| 9042228582 | 2013-09-25 12:36:31.0 |
| 9042228582 | 2013-09-25 17:48:30.0 |
| 9042228582 | 2013-09-26 12:23:36.0 |
| 9042228582 | 2013-10-08 15:19:48.0 |
| 9042228582 | 2013-10-08 22:41:04.0 |
| 9042228582 | 2013-10-09 12:59:48.0 |
| 9042228582 | 2013-10-09 14:01:07.0 |
| 9042228582 | 2013-10-09 20:22:59.0 |
| 9042228582 | 2013-10-10 12:02:56.0 |
| 9042228582 | 2013-10-10 22:47:11.0 |
| 9042228582 | 2013-10-11 19:54:17.0 |
| 4405196733 | 2013-10-15 15:10:17.0 |
| 9042228582 | 2013-10-16 20:43:22.0 |
| 9042228582 | 2013-10-21 23:56:08.0 |
| 9042228582 | 2013-10-22 22:06:26.0 |
| 9042228582 | 2013-10-24 14:54:41.0 |
| 9042228582 | 2013-10-28 18:42:11.0 |
| 9042228582 | 2013-10-29 15:11:40.0 |
| 9042228582 | 2013-10-30 20:27:06.0 |
| 8009730600 | 2013-10-31 14:26:49.0 |
| 9042228582 | 2013-10-31 17:16:11.0 |
| 9042228582 | 2013-11-01 13:33:07.0 |
| 9042228582 | 2013-11-01 19:33:09.0 |
| 9042228582 | 2013-11-04 15:53:09.0 |
| 8009730600 | 2013-11-05 19:55:51.0 |
| 9042228582 | 2013-11-07 16:24:01.0 |
| 8009730600 | 2013-11-07 20:23:43.0 |
| 8009730600 | 2013-11-07 20:26:17.0 |
| 8009730600 | 2013-11-07 20:27:41.0 |
| 8009730600 | 2013-11-07 21:23:36.0 |
| 9042228582 | 2013-11-08 18:23:48.0 |
| 9042228582 | 2013-11-11 18:14:37.0 |
| 9042228582 | 2013-11-12 15:52:58.0 |
| 9042228582 | 2013-11-12 21:17:03.0 |
| 8009730600 | 2013-11-13 20:14:45.0 |
| 9042228582 | 2013-11-14 19:49:11.0 |
| 9042228582 | 2013-11-14 19:49:37.0 |
| 9042228582 | 2013-11-15 13:54:14.0 |
| 8009730600 | 2013-11-16 14:50:42.0 |
| 9042228582 | 2013-11-18 16:24:32.0 |
| 8009730600 | 2013-11-18 18:23:40.0 |
| 8009730600 | 2013-11-19 01:30:26.0 |
| 9042228582 | 2013-11-19 13:06:25.0 |
| 8009730600 | 2013-11-19 14:04:47.0 |
| 8009730600 | 2013-11-19 16:43:45.0 |
| 8009730600 | 2013-11-19 18:34:51.0 |
| 8009730600 | 2013-11-19 20:35:51.0 |
| 8009730600 | 2013-11-20 15:44:31.0 |
| 8009730600 | 2013-11-20 16:44:15.0 |
| 8009730600 | 2013-11-20 20:18:36.0 |
| 8009730600 | 2013-11-21 15:57:46.0 |
| 8009730600 | 2013-11-21 17:13:08.0 |

Call Log for
(904) 713-7262

| | |
|---|---|
| 8009730600 | 2013-11-21 20:58:24.0 |
| 8009730600 | 2013-11-21 21:53:17.0 |
| 8009730600 | 2013-11-21 22:58:00.0 |
| 8009730600 | 2013-11-22 14:02:24.0 |
| 8009730600 | 2013-11-25 22:21:17.0 |
| 8009730600 | 2013-11-26 00:00:34.0 |
| 9042228582 | 2013-11-26 23:19:57.0 |
| 9042228582 | 2013-11-29 17:36:21.0 |
| 9042228582 | 2013-12-02 22:36:12.0 |
| 9042228582 | 2013-12-03 21:18:17.0 |
| 9042228582 | 2013-12-04 13:52:30.0 |
| 9042228582 | 2013-12-05 18:05:23.0 |
| 9042228582 | 2013-12-06 18:15:02.0 |
| 9042228582 | 2013-12-09 19:40:44.0 |
| 8009730600 | 2013-12-12 16:54:57.0 |
| 8009730600 | 2013-12-12 16:55:15.0 |
| 8009730600 | 2013-12-12 16:59:36.0 |
| 9042228582 | 2013-12-13 16:32:18.0 |
| 9042228582 | 2013-12-17 21:34:19.0 |
| 9042228582 | 2013-12-18 20:46:55.0 |
| 9042228582 | 2013-12-20 17:55:25.0 |
| 9042228582 | 2013-12-24 16:32:29.0 |
| 9042228582 | 2013-12-26 18:08:49.0 |
| 9042228582 | 2013-12-27 16:07:24.0 |
| 9042228582 | 2013-12-27 16:08:25.0 |
| 9042228582 | 2013-12-28 15:45:49.0 |
| 9042228582 | 2013-12-28 15:47:03.0 |
| 9042228582 | 2013-12-30 13:57:13.0 |
| 9042228582 | 2013-12-31 13:55:52.0 |
| 9042228582 | 2014-01-22 14:42:49.0 |
| 9042228582 | 2014-01-23 14:27:46.0 |
| 9042228582 | 2014-01-23 14:28:11.0 |
| 4405196733 | 2014-01-24 16:56:14.0 |
| 4405196733 | 2014-01-24 16:56:45.0 |
| 9042228582 | 2014-01-27 15:48:34.0 |
| 9042228582 | 2014-01-27 15:48:59.0 |
| 9042228582 | 2014-01-28 16:37:55.0 |
| 9042228582 | 2014-01-28 23:13:48.0 |
| 9042228582 | 2014-01-29 13:58:53.0 |
| 4405421360 | 2014-01-30 19:03:58.0 |
| 8009730600 | 2014-01-30 19:04:16.0 |
| 4405421360 | 2014-02-03 22:16:30.0 |
| 4405421360 | 2014-02-03 22:17:11.0 |